IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CAUSE NO. 92-CR-30119 |
| **TIMOTHY L. GIBBS,** ) ) | |
| **Defendant.** ) | |

## O R D E R

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion to reduce, modify or correct sentence pursuant to 18 U.S.C. § 3582. The defendant seeks review of his sentence, and the retroactive application to his sentence of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2005) and *United States v. Booker*, 543 U.S. 220 (2005).

The provisions of § 3582 permit a court to reduce a defendant's term of imprisonment if there has been a subsequent amendment to the guideline range that applies retroactively. This statute does not, however, allow a defendant to file a motion based on new case law or rulings. *See, Gonzales v. Crosby*, 123 S. Ct. 2641, 2647 (2005). In fact, this Court's review under § 3582 is limited to the effect of the post-sentencing amendment on the guideline range. *See, eg. United States v. Smith,* 438 F.3d 796, 799 (7th Cir. 2006); *United States v. Bravo*, 203 f.3d 778, 781 (11th Cir. 2000); *United States v. Jordan*, 162 F.3d 1, 5 (1st Cir. 1998); *United States v. Tidwell*, 178 F.3d 9436, 949 (7th Cir. 1999) (a §3582(c) proceeding is not a "do-over of an original sentencing proceeding."). The Seventh Circuit has held that "[b]ecause § 3582 limits the substantive authority of the district court, it is a real 'jurisdictional' rule rather than a case-processing requirement." *Smith,* 438 F.3d at 799. Defendant's motion is actually one that is

more properly reviewed as a post-conviction motion under 28 U.S.C. § 2255, not a motion to alter or amend, as it is titled. As the court stated in *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005),

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.

The defendant has already had his one habeas filing, *Gibbs v. United States,* No. 96--WDS, which was dismissed by the Court on July 23, 1998, and a subsequent habeas action *Gibbs v. United States*, 00-489-WDS, which was dismissed for lack of jurisdiction on September 19, 2000. In *McReynolds v. United States*, 397 F.3d 479 (7th Cir.2005), the court held that the rights recognized in *Booker* do not apply retroactively on collateral review. Therefore, defendant's motion to modify, reduce, or correct sentence (Doc. 675) is **DISMISSED** for lack of jurisdiction.

Defendant's motion for appointment of counsel is **DENIED** as moot. (Doc. 676)

**IT IS SO ORDERED.**

**DATED: July 18, 2006.**

                              **s/ WILLIAM D. STIEHL**
                                  **DISTRICT JUDGE**