IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 92-CR-30119-WDS |
| | ) | |
| TIMOTHY L. GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to reduce sentence (Doc. 679). In the motion, the defendant asserts that he has been of assistance in a case in another district, as well within the Bureau of Prisons in an investigation. He asserts that he should be re-sentenced for that cooperation. The defendant also seeks appointment of counsel.

What the defendant essentially seeks is a reduction pursuant to Fed. R. Crim. P. 35. The government may file a Rule 35(b) motion[1] more than a year after sentencing if the defendant's assistance could not have been provided or used by the government earlier, Fed.R.Crim.P. 35(b)(2); *United States v. Shelby,* 584 F.3d 743, 744 (7th Cir.2009). Here the defendant does not assert that the government promised him such a motion as a condition of a plea agreement,

---

[1] The Court notes that the defendant has filed previous motions for habeas review, *Gibbs v. United States*, 96-cv-1104; and a second petition which was dismissed as a second or successive petition , *Gibbs v. United States,* 00-cv-489. The defendant has not received leave from the Court of Appeals to file a second or successive petition with respect to this motion, therefore, this cannot be considered a motion for habeas review, 28 U.S.C. § 2255.

*United States v. Lezine*, 166 F.3d 895, 901 (7th Cir. 1999),[2] nor that the government has refused to file such a motion based upon an unconstitutional motive. *Wade v. United States,* 504 U.S. 181, 185-86 (1992). ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing" *id*. at 186). However, the defendant does assert that some promises were made. Therefore, the Court **DIRECTS** the government to file a response to the defendant's motion setting forth its position with respect to the availability of a Rule 35 reduction in this case.

The government's response shall be filed within fifteen (15) days of the date of this Order. The Court will determine, after the response is filed, if appointment of counsel is warranted.

**IT IS SO ORDERED.**

**DATE:    1 December , 2010**

                    **/s/  WILLIAM D. STIEHL**
                       **DISTRICT JUDGE**

---

[2] The defendant pleaded guilty in this case in 1993. He received a reduction in sentence in 2000 from 480 to 420 months. He asserts that he was promised in 2008 that recommendations would be made to the prosecutor about his assistance at that time.