# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO.92-CR-30119-WDS** |
| | ) | |
| **TIMOTHY L. GIBBS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion for reduction in sentence (Doc. 679) to which the government has filed a response (Doc. 681–filed under seal) and the defendant a reply (Doc. 686–also filed under seal).[1]    In the motion, the defendant asserts that he is entitled to a reduction in sentence because he had been assisting a federal investigation into alleged crimes within the Bureau of Prisons system.

The defendant has detailed the assistance he provided to the government, and, based on that assistance, asserts that he was told by various Bureau of Prisons administration people that they would make a recommendation for a reduction in the defendant's sentence.

In response, the government states that it has consulted with the federal agent who was involved in the investigation in question, and although the defendant did provide information regarding the alleged wrongdoings, and agreed to wear a recording device, there were no recordings

---

[1]In February of 2011 the defendant sent the Court a letter indicating that he had not been able to reply to the government's response (Doc. 685) because he had been in transit within the Bureau of Prisons system.  To the extent that this letter constitutes a motion for additional time, that motion is denied as moot.

which provided any usable or useful evidence, and the investigation revealed that the defendant's allegations could not be verified. Therefore, the assistance provided by the defendant was not "substantial" as required for a motion for reduction pursuant to Fed. R. Crim. P. 35.

The government notes that it previously filed, and the Court granted, a Rule 35 motion for reduction in sentence based on the defendant's prior assistance.

The Seventh Circuit stated in *United States v. Shelby*, 584 F.3d 743, 745 (7th Cir. 2009):

> The purpose of Rule 35(b)(2) is to facilitate law enforcement by enabling the government to elicit valuable assistance from a criminal defendant more than a year after he was sentenced by asking the sentencing judge to reduce the defendant's sentence as compensation for the assistance that he provided. (Rule 35(b)(1)permits a similar motion to be made within a year after sentencing, but defines eligible assistance more broadly than Rule 35(b)(2) does.)

In this case, although the defendant clearly cooperated with the investigation, the information he provided did not lead to verifiable, i.e. useful, information. It is the government's position, therefore, that the defendant is not entitled to a reduction in sentence pursuant to Rule 35. Unfortunately, the Court must reach the same conclusion. Although the defendant's cooperation and assistance is without question, it does not meet the requirements of Rule 35(b)(2) that the assistance be "substantial."

Accordingly, the Court **DENIES** defendant's pro se motion for a reduction in sentence on all grounds raised.

**IT IS SO ORDERED.**

**DATE:      6 June,  2011**

**/s/  WILLIAM D. STIEHL**
**DISTRICT JUDGE**