**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 92-CR-30119-WDS |
| | ) | |
| TIMOTHY L. GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion for reconsideration (Doc. 688) (filed as a "Supplement to Clarification Brief").[1] In the motion, the defendant asserts that he is entitled to a reduction in sentence because he had been assisting a federal investigation into alleged crimes within the Bureau of Prisons system, and that the Court did not properly consider the materials he filed with respect to his original motion. After filing this motion for reconsideration (Doc. 688), and before the Court ruled on that motion, the defendant also filed a notice of appeal (Doc. 689) seeking review by the Seventh Circuit of this Court's denial of his motion for reduction of sentence. The Court of Appeals has stayed proceedings on the appeal pending the Court's disposition of the initial motion for reconsideration.

The defendant has detailed, in his motion for reconsideration, the assistance he provided to the government, and, based on that assistance, asserts that he was told by various Bureau of Prisons

---

[1] Also pending are defendant's Motion for Reconsideration (Doc. 692) of the Court's Order denying the motion for reduction; and motion to alter judgment (Doc. 693), each of which is directed to the Court's Order of June 6, 2011 (See, Order at Doc. 687). However, these motions were filed after the notice of appeal and are, therefore, not before the Court at this time.

administration people that they would make a recommendation for a reduction in the defendant's sentence.[2] He asserts that the government's refusal to file a further Rule 35 motion is based on an unconstitutional motive. The Supreme Court recognized in *Wade v. United States,* 054 U.S. 181, 185-86 (1992) that review of a refusal to file a substantial assistance motion is limited to unconstitutional motives such as race, religion, or a lack of relationship to a legitimate governmental objective. (Notably, the motion in *Wade* was a motion under U.S.S.G. 5K1.1, not Rule 35.) See also, *United States v. Miller*, 458 F.3d 603, 605 (7th Cir. 2006) (finding government's refusal to file substantial assistance motion on the grounds that the defendant was not sufficiently forthcoming to be a legitimate basis). Only the government can file a Rule 35 motion, *United States v. Richardson,* 558 F.3d 680, 681 (7th Cir. 2009), and the government filed such a motion in 2000.

The limitation on filing Rule 35 motions is not the only barrier in this case. This is because defendant's pro se motion is, effectively, a motion under 28 U.S.C. §2255, and the Court should have, in its prior Order, construed it as such. Despite the defendant's label on the motion, he is collaterally attacking his sentence, and that type of claim must be filed as a habeas petition under § 2255. Unfortunately for the defendant's claim here, he has previously filed a petition for review pursuant to § 2255, *Gibbs v. United States*, 96-CV-1104-WDS, which was granted in part and denied in part (See, Order at Doc. 14). The defendant took two appeals in that case (*Gibbs v. United States,* No.'s 98-3971 and 98-4097), which were each denied on appeal. He then filed a second or successive habeas petition, *Gibbs v. United States,* which was denied for lack of jurisdiction (See,

---

[2]The defendant notes in his motion for reconsideration that the Court mistakenly stated in the prior order that the defendant pleaded guilty, when he, in fact, was convicted after a jury trial before Judge William L. Beatty. The Court corrects the record to so reflect the trial. The undersigned Judge reduced the defendant's sentence on March 27, 2000, (Doc. 670) pursuant to a Rule 35 motion, and reduced the defendant's sentence from 480 to 420 months.

2

No. 00-489-WDS; Doc. 5).

The defendant has not sought, nor received, leave to file a successive petition under § 2255 for the claims he raises in his motion for reduction. Because he has previously filed a habeas action in this matter and has not received leave from the Court of Appeals to file a second or successive petition on any matters previously raised, this Court is without jurisdiction to consider the claims he now raises. Under § 2255, "a second or successive motion must be certified as provided in section 2244 by a panel of the . . .court of appeals. . . ."

Accordingly, the Court **GRANTS** the defendant's motion for reconsideration (Doc. 688) and hereby **VACATES** and **SETS ASIDE** its Order of June 6, 2011 (Doc. 687) as improvidently entered, and **FURTHER DISMISSES** the motion for reduction of sentence (Doc. 679) for lack of jurisdiction as a successive habeas petition for which the defendant has not received leave from the Court of Appeals to file.

**IT IS SO ORDERED.**

**DATE:  13 September, 2011**

　　　　　　　　　　　　　　　　　　　　　　　　**/s/  WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**