UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

United States of America,

        Plaintiff,                      Case No.   3:92-cr-30119-001

      v.

Timothy L. Gibbs,

        Defendant,

## ORDER

### INTRODUCTION

This matter is before the Court on the government's motion pursuant to 18 U.S.C.§§ 3613(a) AND 3664(n) requesting the Court to enter an Order authorizing the Bureau of Prisons to turn over to the Clerk of Court funds held in the inmate trust account for the above-mentioned defendant as payment for the criminal monetary restitution imposed in this case (Doc. 748). The defendant has responded (Doc. 756) and has filed a motion to dismiss the government's motion (Doc. 755).

On September 3, 2015, the Court directed the government to file a reply specifically addressing arguments raised in Gibbs' responsive briefing related to *U.S. v. Sawyer,* 531 F.3d 792 (7th Cir. 2008). The government filed its reply on September 17, 2015 (Doc. 758) and Gibbs filed a final responsive pleading on September 28, 2015 (Doc. 759). For the reasons discussed herein, the government's motion for an order authorizing the Bureau of Prisons to turn over to the Clerk of the Court funds held in Gibbs' trust account (Doc. 748) is **GRANTED** and Gibbs' motion to dismiss (Doc. 755) is **DENIED**.

## BACKGROUND

In its original motion, the government stated that Gibbs had over $7,000.00 in his inmate trust account and asked the Court to direct that a portion of this money, $4,985.00, be taken and used to satisfy Gibbs restitution. On March 6, 2015, the government sent a letter through the United States Marshal Service to the Warden of FCI Williamsburg to withhold all funds within the defendant's commissary account. On April 8, 2015, all funds in Gibbs account were released, save the $4,985.00 owed in restitution.

Mr. Gibbs is participating in the Inmate Financial Responsibility Program (IFRP) at the lowest payable amount possible, $25.00 per quarter. Mr. Gibbs paid $425.00 towards his special assessment and the remainder was written off after five years expired. Further, both the government and Gibbs agree, that the fine has expired and the $15,000 fine has been written off as expired.

## ANALYSIS

In his response to the government's motion, Gibbs raised a number of arguments. The only potentially valid argument identified by the Court was Gibbs' reference to *U.S. v. Sawyer,* 531 F.3d 792 (7th Cir. 2008). Gibbs contends that, under *Sawyer,* granting the government's motion would amount to improper interference with operation of the IFRP. In its reply, the government acknowledges the Seventh Circuit has consistently ruled courts should not interfere with operation of the IFRP. However, as explained in the government's reply, the order requested by the government does not involve IFRP payments. Instead, the government seeks collection from Mr. Gibbs commissary account where he

maintains a balance that is substantially more than the $4,985.00 in restitution remaining due.

After reviewing the briefing and the relevant case law, the Court is satisfied that the government's request does not interfere with operation of the IFRP. Further, the Court agrees that Gibbs participation in the IFRP does not preclude other means of payment as to his restitution. Finally, the Court interprets 18 U.S.C. § 3613(c) to mean that for a period of 20 years, the judgment for restitution acts as a lien. This, however, does not mean that any such debt is extinguished.

Therefore, it is hereby **ORDERED** that the Motion of United States of America to Authorize Payment from Inmate Trust Account (Doc. 748) is **GRANTED** and the defendant's motion to dismiss the same (Doc. 755) is **DENIED**

**Further,** it is **ORDERED** that the Bureau of Prisons is authorized to turnover non-exempt funds, in the amount of $4,985.00 to the Clerk of Court, and the Clerk of Court shall accept the funds currently held in the trust account for the following inmate:

> Timothy L. Gibbs
> Registration No: 02586-025
> FCI Williamsburg
> Federal Correctional Institution
> P.O. Box 220
> Salters, SC 29590

The Clerk shall apply these funds as payment towards the criminal monetary penalties owed by the defendant in this case.

Payments are to be made payable to the Clerk of the District Court, 750

Missouri Avenue, East St. Louis, Illinois 62201. The Plaintiff is to provide a copy of this Order to the Garnishee.

**IT IS SO ORDERED.**

**Signed this 8th day of October, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.10.08
13:26:23 -05'00'

**United States District Judge**