**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 92-cr-30119-DWD |
| | ) | |
| TIMOTHY L. GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on Defendant Timothy L. Gibbs' Motion for

Early Termination of Supervised Release (Doc. 762).  On July 14, 1994, Gibbs was

sentenced to 480 months imprisonment, to be followed by 8 years of supervised release

for multiple counts of marijuana related offenses, including: continuing criminal

enterprise, conspiracy to distribute marijuana, distribution of marijuana, aiding and

abetting the distribution of marijuana, false statements to a federal agency, aiding and

abetting the distribution of marijuana within 1,000 feet of a school, and possession with

intent to distribute marijuana (Doc. 600, Doc. 601).  Gibbs began his term of supervised

release on February 7, 2020 (Doc. 761, Doc. 766).

After having served approximately fourteen (14) months of his supervised release,

Gibbs now asks the Court to reduce that term to time served under the authority of 18

U.S.C. § 3583(e)(1).  In support of his request, Gibbs claims that since his release from

prison, he has been continuously employed and has purchased homes and vehicles.

Gibbs states he has only had one "slip up" when he tested positive for marijuana use but

1

claims that marijuana is "now legal" in an apparent effort to minimize the violation. In a supplement (Doc. 765) filed on April 12, 2021, Gibbs clarifies that he has been unemployed since September 2020, and has been collecting unemployment. He also expresses remorse for his positive marijuana test and apologizes for his prior misleading statements concerning his employment.

The Government filed a sealed Response (Doc. 766) opposing Gibbs' request. The Government opposes the early termination of Gibbs' supervised release at this time because he has only been on supervised release for a short time, during which his conduct has raised some concerns. The Government points to Gibbs' misleading statements concerning his employment, Gibbs' open opinions concerning his use of marijuana, and the noncompliance report filed by his parole officer on March 16, 2021. The Government also indicates that the United States Probation Office opposes Gibbs' early termination of supervised release. Nevertheless, the Government suggests that depending on his future conduct, Gibbs could become a qualified candidate for early termination of supervised release sometime in the future; just not now.

After considering the factors listed in 18 U.S.C. § 3553(a), the Court has discretion to terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). The Court has broad discretion in "deciding whether to terminate supervised release early, and the judge's decision will only be

reversed if the judge makes a serious error of judgment." *United States v. Sadiq*, 2020 WL 496132, at *1 (S.D. Ill. Jan. 30, 2020) (relying on *Lowe*, 632 F.3d at 997).

After considering the relevant factors in 18 U.S.C. § 3553(a), and for the reasons set forth in the Government's response to Gibbs' motion, the Court concludes that early termination is not warranted by Gibbs' conduct or the interest of justice at this time. As the Court finds that early termination of Gibbs' supervised release is not appropriate at this time, no hearing is required. *U.S. v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003) (Federal Rule of Criminal Procedure 32.1(c) requires the court to hold a hearing "before *modifying* the conditions of probation or supervised release. But the rule does not compel the court to hold a hearing before *refusing* a request for modification.") (emphasis in original). Accordingly, Defendant's motion for early termination of supervised release (Doc. 762) is **DENIED, without prejudice**.

**SO ORDERED.**

Dated: May 19, 2021

_____
DAVID W. DUGAN
United States District Judge