# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 92-cr-30119-DWD |
| | ) | |
| TIMOTHY L. GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE

**DUGAN, District Judge:**

This matter comes before the Court on Defendant Timothy L. Gibbs' Motion for Early Termination of Supervised Release (Doc. 769). On July 14, 1994, Gibbs was sentenced to 480 months imprisonment, to be followed by 8 years of supervised release for multiple counts of marijuana related offenses (Doc. 600, Doc. 601). Gibbs began his term of supervised release on February 7, 2020 (Doc. 761).

Gibbs previously filed a motion for early termination of his supervised release after serving approximately 14-months of his term (Doc. 762). However, the Court denied the motion, without prejudice, after concluding that early termination was not yet warranted (Doc. 767). Now, after serving an additional 15-months of his supervised release term, Gibbs renews his request to reduce that term to time served under the authority of 18 U.S.C. § 3583(e)(1). In support of his request, Gibbs argues that he has been working very hard to get his life back after serving his prison sentence and seeks to continue to care for his sick girlfriend without the additional constraints of supervised release. Gibbs indicates that he is not currently working but owns two rental homes

1

which provides him with monthly income. Gibbs also desires to move away from certain individuals whom he claims are bad influences.

On August 19, 2022, the Government filed a Response to Gibbs' motion (Doc. 766). The Government indicates that Gibbs "is a good candidate for an early termination of his supervised release" and does not oppose Gibbs' request. The Government states that Gibbs has one known instance of noncompliance, which was raised and at issue in his prior motion (*See* Doc. 767). However, now that more time has passed and Gibbs has maintained compliance on supervised release, the Government has no objection to its early termination. The Government also indicates that the United States Probation Office is now supportive of Gibbs' request. Specifically, Probation does not believe that Gibbs would benefit from additional supervision; but instead states that Gibbs "has benefitted to the fullest from being on supervised release." (Doc. 772).

After considering the factors listed in 18 U.S.C. § 3553(a), the Court has broad discretion to terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011); *see also United States v. Sadiq*, 2020 WL 496132, at *1 (S.D. Ill. Jan. 30, 2020) (The Court has broad discretion in "deciding whether to terminate supervised release early, and the judge's decision will only be reversed if the judge makes a serious error of judgment."). A hearing is generally required before modifying the conditions of supervised release. *See* Fed. R. Crim. P. 32.1(c). However, no hearing is required here because the relief sought is favorable to

Gibbs and would not extend his term of supervised release, and the Government has received notice of Gibbs' motion and has not objected to the requested relief. *See* Fed. R. Crim. P. 32.1(c)(2).

After considering the factors set forth in 18 U.S.C. § 3553, the Court **FINDS**, pursuant to 18 U.S.C. § 3583(e)(1), that Gibbs has completed more than one year of supervised release and that early termination of the remainder of his supervised release is in the interest of justice and is warranted by Gibbs' conduct because he is unlikely to benefit from further supervision. Accordingly, the Court **GRANTS** Gibbs' Motion for Early Termination of Supervised Release (Doc. 769), and **ORDERS** that Gibbs' supervised release be terminated, effective immediately.

**SO ORDERED.**

Dated: August 22, 2022

DAVID W. DUGAN
United States District Judge